**KUTAK ROCK LLP**
Michael A. Condyles (VSB # 27807)
Jeremy S. Williams (VSB # 77469)
Ellen L. Valentine (VSB # 81038)
1111 East Main Street, Suite 800
Richmond, Virginia 23219
(804) 644-1700
*Counsel to Union First Market Bank, successor*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

IN RE: JAMES ONEIL BEALE                      Case No. 12-37076-KRH
                                              Chapter 13
                    Debtors.
_____

UNION FIRST MARKET BANK, successor

                    Movant,
v.

JAMES ONEIL BEALE, and
SUZANNE E. WADE, TRUSTEE,

                    Respondents.

**MOTION FOR RELIEF FROM AUTOMATIC STAY AND**
**NOTICE OF MOTION AND NOTICE OF HEARING**

Union First Market Bank, successor ("Union"), by counsel, hereby moves this Court, pursuant to 11 U.S.C. §§ 362(d) and Rules 4001(a) and 9013 of the Federal Rules of Bankruptcy Procedure to terminate the automatic stay as to Union, and in support thereof Union states as follows:

**The Parties**

1. James Oneil Beale (the "Debtor") initiated this bankruptcy proceeding by filing a voluntary petition under Chapter 13 of the Bankruptcy Code on December 13, 2012.

2. Union is a financial institution engaged in the business of making loans.

1

3. Suzanne E. Wade was appointed trustee of the Debtors' bankruptcy estate and is currently serving the estate in this capacity.

## Jurisdiction and Venue

4. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1334 and 28 U.S.C. §157. This is a core proceeding pursuant to 28 U.S.C. §157(b)(2).

5. Venue is appropriate in this Court pursuant to 28 U.S.C. §1409.

## Factual Background

6. The Debtor is indebted to Union in connection with a Promissory Note dated October 31, 2006 in the original principal amount of $112,000.00 (the "Note"). A copy of the Note is attached hereto as **Exhibit A**.

7. As security for the Note, the Debtor executed a Deed of Trust dated October 31, 2006 and recorded November 6, 2006 as Instrument No. 060003407 in the Clerk's office for the Circuit Court of Lancaster County (the "Deed of Trust"). Pursuant to the Deed of Trust, the Debtor granted Union a properly perfected lien against certain real property commonly known as 851 Weems Road, Weems, Virginia (the "Property") and as more specifically described as follows:

> ALL THAT CERTAIN LOT OR PARCEL OF LAND, CONTAINING 1.219 ACRES, MORE OR LESS, TOGETHER WITH ALL IMPROVEMENTS THEREON AND ALL RIGHTS, WAYS, PRIVILEGES AND APPURTENANCES IN ANYWISE THEREUNTO APPERTAINING, SITUATE, LYING AND BEING ON THE SOUTH SIDE OF WEEMS ROAD, STATE HIGHWAY ROUTE NO. 222, IN WHITE STONE MAGISTERIAL DISTRICT, LANCASTER COUNTY, VIRGINIA, AS SHOWN ON THAT CERTAIN PLAT OF SURVEY ENTITLED "PLAT SHOWING PHYSICAL IMPROVEMENTS TO PROPERTY TO BE CONVEYED TO JAMES O. BEALE", MADE BY SIMMONS NEWSOME, P.C., DATED JUNE 23, 2005, WHICH PLAT IS RECORDED IN THE CLERK'S OFFICE OF THE CIRCUIT COURT OF

>   LANCASTER COUNTY, VIRGINIA, IN INSTRUMENT #050002191 AT PAGE 3.
>
>   BEING THE SAME PROPERTY CONVEYED UNTO JAMES O. BEALE BY DEED DATED JUNE 27, 2005 AND RECORDED IN THE AFORESAID CLERK'S OFFICE IN INSTRUMENT #050002191.

The Deed of Trust is attached hereto as **Exhibit B.**

8. Pursuant to Schedule A, the value of the Property is $114,600.00 and as of December 30, 2014, the balance due under the Note is no less than $110,447.21

9. On December 27, 2012, the Debtor filed an amended Chapter 13 Plan [Docket No. 9] (the "Plan"), whereby the Debtor proposed to make direct regular monthly payments to Union and cure then $9,000.00 arrearage over a period of 25 months. The Plan was confirmed on February 28, 2013.

10. Despite having a confirmed Plan requiring the Debtor to make regular monthly payments directly to Union on the first day of each month and to make arrearage payments to the Trustee, the Debtor failed to do so.

11. As of April 2013, the Debtor was almost a year in arrears and no payments, including any form of adequate protection payments, had been received post-petition. As a result, Union filed its *Motion for Relief from Stay* [Docket No. 17]. After failed promises to cure the arrearage, an evidentiary hearing was held on October 2, 2013. The Court entered the *Order Modifying Automatic Stay* [Docket No. 36] (the "Order").

12. Under the Order, the Debtor was to resume making monthly payments of $904.30. The Debtor defaulted a month later, failing to timely make his December payment. The Debtor's defaults continued as he failed to timely make his January, April, May, June, September, October, November and December payments. In many instances, notices of default

were sent. The Debtor continued to be almost 30 days late on his payments, just enough to avoid the entry of a default. The Debtor is currently $1,546.19 in arrears with payments being due for October through December.

13. In addition to failing to make his payments to Union, the Debtor failed to make his plan payments to the Trustee. On April 9, 2014, the Trustee moved to dismisses the case for failure to make plan payments. The motion was ultimately withdrawn. The Debtor's inability to satisfy his obligations in this case, however, continues.

14. The Order expired on October 18, 2014, necessitating Union's need to file another motion for relief from stay. The Debtor's continuing default, along with the lack of equity in the Property, warrants relief from stay.

## ARGUMENT

### Relief from Automatic Stay

15. Union seeks relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(1). The failure of the Debtors to make the required payments pursuant to the Plan constitutes "cause" to grant relief from the automatic stay under 362(d)(1). *See, e.g., In re Uvaydov,* 354 B.R. 620 (Bankr. E.D.N.Y. 2006)(*citing Equitable Life Assurance Soc'y v. James River Assoc. (In re James River Assoc.)*, 148 B.R. 790, 797 (E.D. Va. 1992)); *In re Smith*, 104 B.R. 695 (Bankr. E.D. Pa. 1989); *Matter of Quinlan,* 12 B.R. 516, 517 (Bankr. W.D. Wis. 1981) (unexcused failure to make payments pursuant to confirmed Chapter 13 plan constitutes material default which is "cause for relief from stay"). The failure of the Debtors to make their payments pursuant to the Plan is a substantial default and thus, cause for relief from the automatic stay.

4

4822-8383-3377.1

16. Although the Debtor passed the feasibility test to make the regular monthly payments and the Plan was confirmed based on the ability of the Debtor to make these payments pursuant to 11 U.S.C. § 1325(a)(6), these payments are not being provided to Union.

17. There exists the principal that "lack of adequate protection is but one [form of] 'cause' [for] which relief can be granted under § 362(d)(1)." *Citizens Fidelity Bank & Trust Co. v. Family Inv., Inc. (In re Family Inv., Inc.)*, 8 B.R. 572, 576 (Bankr. W.D.K.Y. 1981). Thus, failure to make plan payments is itself sufficient cause under 11 U.S.C. § 362(d)(1).

18. Since the Debtor has consistently failed to make the required payments, relief from the automatic stay should be granted. *See In re Ellis*, 60 B.R. 432, 434 (B.A.P. 9th Cir. 1985); *In re Binder*, 224 B.R. 483, 490 (Bankr. D. Colo. 1998); *In re Smith*, 104 B.R. at 700 (Bankr. E.D. Pa. 1989).

19. Union is further entitled to relief from stay under 11 U.S.C. § 362(d)(2). The Debtor lacks equity in the Property and such Property is not necessary for an effective reorganization.

20. The failure of the Debtor to make the required payments to Union constitutes "cause" under § 362(d)(1) and the lack of equity and necessity for reorganization under § 362(d)(2) entitles Union to relief from the automatic stay imposed by §362(a).

**WHEREFORE**, Union respectfully requests that this Court enter an Order (i) granting relief from the automatic stay pursuant to § 362(d); and (ii) granting such further relief as may be deemed just.

        **UNION FIRST MARKET BANK, successor**

        By: /s/ Jeremy S. Williams

**KUTAK ROCK LLP**
Michael A. Condyles (VSB # 27807)
Jeremy S. Williams (VSB # 77469)
Ellen L. Valentine (VSB # 81038)
1111 East Main Street, Suite 800
Richmond, Virginia 23219
(804) 644-1700
*Counsel to Union First Market Bank, successor*

**KUTAK ROCK LLP**
Michael A. Condyles (VSB # 27807)
Jeremy S. Williams (VSB # 77469)
Ellen L. Valentine (VSB # 81038)
1111 East Main Street, Suite 800
Richmond, Virginia 23219
(804) 644-1700
*Counsel to Union First Market Bank, successor*

**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division**

IN RE: JAMES ONEIL BEALE                         Case No. 12-37076-KRH
                                                 Chapter 13
                    Debtors.
_____

UNION FIRST MARKET BANK, successor

                    Movant,

v.

JAMES ONEIL BEALE, and
SUZANNE E. WADE, TRUSTEE,

**NOTICE OF MOTION AND NOTICE OF HEARING**

*Your rights may be affected*.  You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case.  (If you do not have an attorney, you may wish to consult one).  If you do not want the court to grant the relief sought in the motion, or if you want the court to consider your views, **then on or before fourteen (14) days after service of the motion**, you or your attorney must:

    1.    File with the Court, at the address shown below, a written response pursuant to Local Bankruptcy Rule 4001 and 9013.  If you mail your response to the court for filing, you must mail it early enough so that the court will receive it on or before the date stated above.  Your mailing should be directed to:

Clerk of the Court
United States Bankruptcy Court
701 E. Broad Street
Richmond, VA  23219

    2.    You must also mail a copy to:

7

4822-8383-3377.1

Jeremy S. Williams, Esq.
Kutak Rock, LLP
1111 East Main Street, Suite 800
Richmond, VA  23219

Robert E. Hyman, Esq., Trustee
P.O. Box 1780
Richmond, VA  23218

3.	You must also attend the hearing to consider the relief sought in addition to filing a written objection.  Unless a written response is filed and served within this 14-day period, the Court may deem opposition waived, treat the motion as conceded, and issue an order granting the requested relief without further notice or hearing.  Also, if you fail to file timely a written response and to attend the hearing even if a response is timely filed, the Court may consider any objection you may have waived and enter an Order granting the relief requested.  The hearing is scheduled for **January 28, 2015 at 11:00 a.m.**, at the United States Bankruptcy Court, 701 East Broad Street, Room 5000, Richmond, VA  23219.

**UNION FIRST MARKET BANK, successor**

By: /s/ Jeremy S. Williams

---

**KUTAK ROCK LLP**
Michael A. Condyles  (VSB No. 27807)
Jeremy S. Williams (VSB No. 77469)
Ellen L. Valentine (VSB No. 81038)
1111 East Main Street, Suite 800
Richmond, VA  23219-3500
(804) 644-1700
  *Counsel for Union First Market Bank, successor*

8

4822-8383-3377.1

## **CERTIFICATE OF SERVICE**

I hereby certify under penalty of perjury that on December 30, 2014, a true and exact copy of the foregoing Motion and Notice was served via CM/ECF or mailed, first class mail with postage fully prepaid, to the following necessary parties:

*Debtor:*
James Oneil Beale
P.O. Box 215
Kilmarnock, Virginia 22482

*Counsel for Debtor:*
Richard James Oulton
The Debt Law Group, Pllc
8501 Mayland Dr.
Suite 106
Henrico, VA 23294
2debtlawgroup@gmail.com

*Chapter 13 Trustee:*
Suzanne E. Wade
P.O. Box 1780
Richmond, VA 23218

*United States Trustee*
Robert B. Van Arsdale, Esq.
United States Courthouse
701 East Broad Street, Suite 4304
Richmond, VA 23219

                                          /s/ Jeremy S. Williams
                                               Counsel

4822-8383-3377.1