**KUTAK ROCK LLP**
Michael A. Condyles (VSB # 27807)
Jeremy S. Williams (VSB # 77469)
Ellen L. Valentine (VSB # 81038)
1111 East Main Street, Suite 800
Richmond, Virginia 23219
(804) 644-1700
*Counsel to Union First Market Bank, successor*

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF VIRGINIA
### Richmond Division

IN RE: JAMES ONEIL BEALE            Case No. 12-37076-KRH
                                     Chapter 13
                Debtors.
_____

UNION FIRST MARKET BANK, successor

                Movant,
v.

JAMES ONEIL BEALE, and
SUZANNE E. WADE, TRUSTEE,

                Respondents.

### ORDER MODIFYING AUTOMATIC STAY

This matter is before the court on the motion of Union First Market Bank, successor ("Union"), for relief from the automatic stay with respect to the real property located at 851 Weems Road, Weems, Virginia (the "Property") and as more particularly described as follows:

> ALL THAT CERTAIN LOT OR PARCEL OF LAND, CONTAINING 1.219 ACRES, MORE OR LESS, TOGETHER WITH ALL IMPROVEMENTS THEREON AND ALL RIGHTS, WAYS, PRIVILEGES AND APPURTENANCES IN ANYWISE THEREUNTO APPERTAINING, SITUATE, LYING AND BEING ON THE SOUTH SIDE OF WEEMS ROAD, STATE HIGHWAY ROUTE NO. 222, IN WHITE STONE MAGISTERIAL DISTRICT, LANCASTER COUNTY, VIRGINIA, AS SHOWN ON THAT CERTAIN PLAT OF SURVEY ENTITLED "PLAT SHOWING PHYSICAL IMPROVEMENTS TO PROPERTY TO BE CONVEYED TO JAMES O. BEALE", MADE BY SIMMONS

>NEWSOME, P.C., DATED JUNE 23, 2005, WHICH PLAT IS RECORDED IN THE CLERK'S OFFICE OF THE CIRCUIT COURT OF LANCASTER COUNTY, VIRGINIA, IN INSTRUMENT #050002191 AT PAGE 3.
>
>BEING THE SAME PROPERTY CONVEYED UNTO JAMES O. BEALE BY DEED DATED JUNE 27, 2005 AND RECORDED IN THE AFORESAID CLERK'S OFFICE IN INSTRUMENT #050002191.

Upon consideration of which, it is

**ORDERED:**

1. The debtor will resume making regularly monthly installment payments of $847.17 as they become due commencing February 1, 2015. Late payments will include applicable late charges in the amount of five percent of the regularly scheduled payment.

2. The debtor will cure the post-petition arrearage arising from attorneys' fees at the end of the loan term.

3. In the event that any payment required by this order is not received by the movant when 15 days after it is due, the movant may mail a notice of default to the debtor by first class mail, postage prepaid, (and, if it desires, also by certified or registered mail) with a copy to Debtor's counsel and the trustee by first class mail, postage prepaid, or by email at the same time as the notice of default is mailed to the Debtor. The notice of default will state in simple and plain language:

    a. That the Debtor is in default in making at least one payment required under this order;

    b. The dates and amount of each payment missed and any late charge or other fee necessary to cure the default;

2

    c. The action necessary to cure the default, including any address to which payments must be mailed;

    d. That the debtor or trustee must take one of the following actions within fourteen days after the date of the mailing of the notice of default:

        i. Cure the default;

        ii. File an objection with the court stating that no default exists; or

        iii. File an objection with the court stating any other reason why an order granting relief from the automatic stay should not be entered; and

    e. That if the debtor or trustee does not timely take one of the actions set forth in paragraph 3(d), the movant may file a certificate that it has complied with the terms of this order and that the court may grant relief from the automatic stay without further notice to the debtor; and

    f. That if the automatic stay is terminated, the collateral may be sold at foreclosure.

If the debtor or trustee does not take one of the actions set forth in paragraph 3(d), the movant may submit a certificate stating that it has complied with the terms of this order and that neither the debtor nor the trustee has taken one of the actions set forth in paragraph 3(d) and may submit together with the certificate a draft order terminating the automatic stay. If the debtor or trustee files an objection, the movant must set the matter for hearing and give notice of the hearing to the debtor, debtor's counsel and the trustee. At the hearing, the court may terminate the stay or take other action appropriate to the circumstances.

    4. The provisions of this order with respect to regular monthly installment payments expire one year after the date of the entry of this order. In the event of the default in payment of any regular monthly installment payment due more than one year after the date of the entry of this

3

4816-6932-8161.1

order, the movant must obtain relief by filing a new motion for relief from stay with appropriate notice and hearing.

5. Until an order is entered terminating the automatic stay, the movant may not refuse to accept or apply payments tendered by the debtor, even if such payments are late or in an improper amount; however, acceptance of non-conforming payments is without prejudice and shall not constitute a waiver of any default.

6. The automatic stay is modified to permit the noteholder or servicing agent to send the debtor payment coupons, payment statements or invoices, notices of late payment, notices of payment changes, notices of servicing transfers, or any other notice, other than a notice of acceleration or demand for payment of the entire balance, normally sent to customers in the ordinary course of business.

7. Should the debtor default pursuant to the terms contained herein, unless otherwise ordered by this court, the movant shall be entitled to reasonable attorneys' fees in the amount of $250.00 for issuance of a notice of default, and an additional $250.00 for issuance of a certificate of default and preparation of an order terminating the automatic stay.

Dated: Feb 6 2015
Richmond, Virginia

/s/ Kevin R. Huennekens
United States Bankruptcy Court Judge

I ask for this

Entered on Docket: Feb 6 2015

 /s/ Jeremy S. Williams
**KUTAK ROCK LLP**
Michael A. Condyles (VSB # 27807)
Jeremy S. Williams (VSB # 77469)
Ellen L. Valentine (VSB # 81038)
1111 East Main Street, Suite 800
Richmond, Virginia 23219
Telephone: (804) 644-1700
*Counsel to Union First Market Bank, successor*

4

4816-6932-8161.1

Seen and No Objection:

/s/ Christina DeGuzman
Christian DeGuzman, Esq.
America Law Group Inc.
JANAF Office Building
5900 E. Virginia Beach Blvd., Suite 507
Norfolk, Virginia 23502
*Counsel for the Debtor*


/s/ Suzanne E. Wade
Suzanne E. Wade
P.O. Box 1780
Richmond, VA 23218-1780
*Chapter 13 Trustee*


**CERTIFICATION OF ENDORSEMENT**

Pursuant to the Local Rules of this Court, I hereby certify under penalty of perjury that all necessary parties have endorsed this Order.

/s/ Jeremy S. Williams
Attorney for Movant


**CERTIFICATION**

The undersigned certifies that the foregoing Consent Order Modifying Automatic Stay is identical to the form order required by Administrative Order and that no modification, addition, or deletion has been made.

/s/ Jeremy S. Williams
Attorney for Movant

5

4816-6932-8161.1

## SERVICE LIST

Jeremy S. Williams, Esq.
KUTAK ROCK LLP
1111 East Main Street, Suite 800
Richmond, Virginia 23219

Christian DeGuzman, Esq.
America Law Group Inc.
JANAF Office Building
5900 E. Virginia Beach Blvd., Suite 507
Norfolk, Virginia 23502

Suzanne E. Wade
P.O. Box 1780
Richmond, VA 23218-1780
*Chapter 13 Trustee*

4816-6932-8161.1